IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **MAURICE J. MCDONALD, #B42547,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 13-CV-00879-JPG |
| | ) | |
| **DR. SHEARING,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Maurice J. McDonald is currently in the custody of the Illinois Department of Corrections, housed at Menard Correctional Center. On August 26, 2013, McDonald, proceeding *pro se*, filed this "emergency" civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 1). Plaintiff has peripheral artery disease ("PAD"), which causes leg pain and difficulty walking. According to the complaint, defendant Dr. Shearing has been deliberately indifferent to Plaintiff's serious medical needs and is endangering Plaintiff's life, all in violation of the Eighth Amendment.

By Order dated September 3, 2013, Plaintiff was denied a temporary restraining order, but the preliminary review of the complaint required under 28 U.S.C. § 1915A, and Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) were left for another day. Those matters will now be addressed.

**Pauper Status**

A federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action ... and affiant's belief that the

1

person is entitled to redress." 28 U.S.C. § 1915(a)(1). In the case of civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6–month period immediately preceding the filing of the complaint ..., obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

In this case, Plaintiff has tendered an affidavit of indigence that is sufficient as to form and which indicates he is indigent, but this is not the end of the matter because 28 U.S.C. § 1915 further provides:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has failed to disclose his lengthy litigation history and accumulation of "strikes" under Section 1915(g).[1] A plaintiff's failure to disclose his litigation history, particularly when he seeks to proceed IFP, may be grounds for immediate dismissal of the suit. *Ammons v. Gerlinger,* 547 F.3d 724, 725 (7th Cir. 2008) (termination of the suit is an appropriate sanction for struck-out prisoner who took advantage of court's oversight and was granted leave to proceed IFP); *Sloan v. Lesza,* 181 F.3d 857, 858–59 (7th Cir. 1999) (litigant who sought and obtained leave to proceed IFP without disclosing his three-strike status committed a fraud upon the court); *see also Hoskins v. Dart,* 633 F.3d 541, 543 (7th Cir. 2011) (dismissal with prejudice appropriate

---

[1] The Court is aware of at least a dozen cases where Plaintiff was assessed a "strike" for purposes of Section 1915(g). Just within the Southern District of Illinois: *McDonald v. Porter*, Case No. 08-cv-342-GPM (S.D. Ill. Feb. 20, 2009); *McDonald v. Feinerman*, Case No. 08-cv-395-GPM (S.D. Ill. March 12, 2009); *McDonald v. Payne*, 08-cv-921-DRH (S.D. Ill. July 27, 2009); and *McDonald v. Veath*, Case No. 12-cv-1183-JPG (S.D. Ill. March 22, 2013).

where Court-issued complaint form clearly warned Plaintiff that failure to provide litigation history would result in dismissal). However, because Plaintiff's motion for pauper status does reference Section 1915(g), and explains that he owes the Court $5,000 for "bogus dismissals," no sanction will be imposed.

Because Plaintiff has three strikes for purposes of Section 1915(g), he may not proceed IFP in this case unless he is under imminent danger of serious physical injury. The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan,* 279 F.3d 526, 529 (7th Cir. 2002)). In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id.* at 331 (citing *Heimermann v. Litscher,* 337 F.3d 781, 782 (7th Cir. 2003)). There must be an adequate nexus, "fairly traceable" between imminent harm and the legal claims. *Pettus v. Morgenthau*, 554 F.3d 293, 298-99 (2d Cir. 2009). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id.* at 330 (citing *AbdulWadood v. Nathan,* 91 F.3d 1023 (7th Cir. 1996)).

Plaintiff's PAD causes leg pain and difficulty walking. Dr. Shearing recently altered various permits that had been issued to Plaintiff to accommodate his PAD. Although the complaint is not entirely clear, it appears that Dr. Shearing revoked or declined to renew Plaintiff's "shower on gallery" permit; he also revoked the permit that allowed Plaintiff to be fed meals in his cell, replacing it with a "slow walk" permit—leaving Plaintiff to walk the 200 yard distance to the dining hall; and a "front cuff" permit was replaced with a "double cuff/behind the

back" permit. Plaintiff also asserts that walking "has been known" to cause those with PAD to suffer a heart attack or stroke (*see* Doc. 1, p. 5). Furthermore, since he cannot walk the long distance for meals, he is being deprived of food, which then prohibits him from taking needed medications and could lead to malnutrition, which can cause a heart attack. Plaintiff describes Dr. Shearing as practicing medicine in the dark ages; Shearing's treatment plan is characterized as torture and attempted murder; and this case is deemed by Plaintiff to be a matter of national security.

In denying Plaintiff a temporary restraining order, the Court concluded that, based on the allegations in the complaint, Plaintiff failed to show immediate and irreparable injury if the Court did not take immediate action (Doc. 6). The Court again finds the complaint filled with obvious hyperbole, conclusory statements and bald assertions of grave medical consequences. However, in denying a temporary restraining order, whether immediate intervention is necessary is a deciding factor. In contrast, the analysis under Section 1915(g) pertains only to "imminent danger of serious physical injury." The Court is mindful that PAD can be a painful condition, and that the same plaques that affect the legs can cause heart attacks and strokes. *See* www.mayoclinic.com/health/peripheral-arterial-disease/DS00537. Also, pain can constitute irreparable injury. *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 682 (7th Cir. 2012). Therefore, Plaintiff will be permitted to proceed as a pauper. However, if at *any* time the Court concludes that Plaintiff's claims are frivolous, malicious or fail to state a claim upon which relief may be granted, this action will be dismissed with prejudice, a strike will be assessed, sanctions will likely ensue, and a long overdue ban order pursuant to *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995), will likely follow.

**Preliminary Review of the Complaint**

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>>
>> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se*

complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Based on the allegations of the complaint, the Court finds it convenient to summarize the *pro se* action as a single claim:

> **Count 1: Defendant Dr. Shearing was deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment.**

The Eighth Amendment prohibits cruel and unusual punishment. U.S. Const. amend. VIII. Prison officials violate this proscription when they act with deliberate indifference to the serious medical needs of an inmate. *Farmer v. Brennan,* 511 U.S. 825, 835 (1994); *Estelle v. Gamble,* 429 U.S. (1976). To succeed on a deliberate indifference claim, a plaintiff must (1) demonstrate that his medical condition is "objectively, sufficiently serious," and (2) demonstrate that the defendant acted with a "sufficiently culpable state of mind." *Farmer,* 511 U.S. at 834 (internal quotation marks omitted); *see also Holloway v. Delaware County Sheriff,* 700 F.3d 1063, 1072 (7th Cir. 2012).

A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy,* 593 F.3d 610, 620 (7th Cir. 2010). Therefore, Plaintiff's pain and PAD condition appear to constitute a serious medical need. With that said, a prisoner's mere disagreement over the proper course of treatment is not an Eighth Amendment violation. *See Berry v. Peterman,* 604 F.3d 435, 441 (7th Cir. 2010); *Duckworth v. Ahmad,* 532 F.3d 675, 679 (7th Cir. 2008). Some of Plaintiff's allegations could be characterized as disagreements over the proper course of treatment. However, blatantly inappropriate treatment, woefully inadequate action, or inaction can violate the Eighth Amendment. *See Reed v. McBride,* 178 F.3d 849, 854

(7th Cir.1999). Similarly, erroneous treatment constituting a substantial departure from accepted medical judgment, practice, or standards may constitute deliberate indifference. *See Gayton v. McCoy,* 593 F.3d 610, 623 (7th Cir. 2010); *Jones v. Simek,* 193 F.3d 485, 490 (7th Cir. 1999). At this juncture, there is insufficient information to conclusively separate the wheat from the chaff. Count 1 shall proceed.

## Pending Motions

Plaintiff's motion for appointment of counsel (Doc. 3) and his recent motion for preliminary injunction (Doc. 7) shall be referred to United States Magistrate Judge Philip M. Frazier for further consideration.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is **GRANTED**. Pursuant to 28 U.S.C. § 1915(b), Plaintiff shall pay the **$350.00 filing fee** applicable to this civil action as follows:

1. Plaintiff shall pay an initial partial filing fee of **$ 17.65**. *See* 28 U.S.C. § 1915(b)(1). The agency having custody of Plaintiff is **DIRECTED** to transmit this amount from Plaintiff's prison trust fund account to the Clerk of Court upon receipt of this Memorandum and Order.

2. Plaintiff shall make monthly payments of 20% of the preceding month's income credited to Plaintiff's prison trust fund account until the filing fee is paid in full.

3. The agency having custody of Plaintiff shall forward payments from Plaintiff's account to the Clerk of this Court each time the amount in the account exceeds $10 until the filing fee is paid. Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202.

**IT IS FURTHER ORDERED** that **COUNT 1**, the Eighth Amendment claim against **DR. SHEARING**, shall proceed.

The Clerk of Court shall prepare for Defendant **DR. SHEARING**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Philip M. Frazier for further pre-trial proceedings, which shall include a determination on the pending motion for appointment of counsel (Doc. 3) and motion for preliminary injunction (Doc. 7).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Philip M. Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: September 23, 2013**

                              *s/J. Phil Gilbert*
                              **United States District Judge**